BOLIN, Judge.
Patsy Dyess, while on maternity leave as an employee of Western Electric Company, applied for reinstatement and was offered suitable employment. For compelling personal reasons she was unable to report for work until a union strike was in progress at Western Electric, at which time she did not return to her job because she did not want to cross the picket line. Defendant administrative agency denied her unemployment benefits, finding her refusal to return to work was “without good cause”. The district court affirmed plaintiff’s disqualification for benefits and she appeals. We reverse.
The primary issue is whether claimant was disqualified for unemployment benefits under Louisiana Revised Statutes 23:1601(3)[1] because she failed without good cause to accept suitable work when it was offered to her by Western Electric.
As the findings of facts of the administrative agency, if supported by sufficient evidence, are conclusive (R.S. 23:1634), we set forth the findings and opinion of the Appeals Referee which decision was affirmed by the Board of Review:
“The claimant worked for the employer 1 year and 4 months as a bench worker. She was scheduled to work from 7:00 a.m. until 3:30 p.m. Monday through Friday and was paid $3.11 per hour. On Sept. 29, 1973, the claimant was granted a one year maternity leave of absence. Following the birth of her child she applied for reinstatement on May 14, 1974. At that time no work was available and she was put on a work waiting list. She then filed an Unemployment Insurance claim. “At about 9:00 p.m. on July 31,1974, Miss Lightfoot, personnel interviewer, telephoned the claimant offering her reemployment. The new work was as a packer on the night shift from 11:00 p.m. until 7:00 a.m. at the same rate of pay as her old job plus a 10% shift differential. The claimant agreed to accept the new employment, but told Miss Lightfoot that her baby was ill and she would have to consult the baby’s doctor before setting an actual date to come back to work. The next morning the claimant telephoned Miss Lightfoot saying she had not been able to reach the baby’s doctor but she would call back later. Miss Lightfoot advised her to come in that afternoon at 1:15 p.m. and take a physical. The claimant did not report for her physical but attempted to come to the company the next day instead. However, that day she did not report because in attempting to leave her children with a friend, her car became stuck. During this time her telephone was out of order and she did not call in. She planned to report to the *588 company on Monday, August 5, but a picket line went up on Sunday, August 4, 1974, by IBEW Local 2188. The claimant is a member of this local and did not want to cross the picket line.
“R.S. 23:1601(3) provides that a claimant shall be disqualified for failing, without good cause, to apply for available, suitable work when so directed, or to accept suitable work when offered. This disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and must then be separated under non-disqualifying circumstances.
“Even though the shift was changed from days to nights, by her own admission, she deemed the work suitable. That is, she wanted the job and verbally accepted the offer. Compelling personal circumstances of her baby’s illness prevented her from reporting to work before the strike. The following week she failed to report to work because of the strike. Work was available for her both before and during the strike and since the work was suitable for the claimant, her failure to follow through on her application for this employment was without good cause within the meaning of the Louisiana Employment Security Law. The determination of the Agency is correct. She is not entitled to benefits.” (Emphasis supplied)
An examination of the quoted portion of R.S. 23:1601(3) reveals the only part applicable to this case is “or [failed without good cause] to accept suitable work when offered him [her].” On this crucial question we conclude the facts found by the Appeals Referee do not support his decision. The referee found that the reason claimant did not report for her physical examination or otherwise accept employment with the company before the strike was because her car became stuck and her telephone was out of order. When the administrative agency found these compelling personal reasons were not good cause for failing to accept suitable employment when offered, it committed an error of law. We find plaintiff had good cause for failing to accept suitable work on August 1 and 2, 1974.
We find no error of law in the determination that plaintiff was disqualified for receiving benefits beginning Monday, August 5, 1974 because she, as a union member, would not cross the picket line. This disqualification shall continue for each week which the administrator finds the unemployment is due to the strike or labor dispute.[2]
Senegal v. Lake Charles Stevedores, Inc., 250 La. 623, 197 So.2d 648 (1967) held that a stevedore was interested in a labor dispute and was ineligible for unemployment benefits under R.S. 23:1601(4) because, even though he was not a member of the striking union, he received the same wages as union members, he made no attempt to cross the picket line, and as a result of the strike he received the same increase in pay as union members.
The claimant, who admitted being a member of IBEW and who refused to cross the picket line, did not meet her burden of proving that she was not interested in or participating in the strike. Her interest in the strike disqualified her from unemployment benefits from August 5, 1974 through the duration of the strike.
We do not have sufficient evidence to determine whether or not claimant once again became entitled to benefits after the strike ended.
The judgment is reversed and the case is remanded to the Board of Review to grant relief in accordance with this opinion and, additionally, to determine whether or not *589 claimant again became eligible for benefits after the strike of IBEW ended.
Reversed and remanded.

. R.S. 23:1601 provides in part as follows:
An individual shall be disqualified for benefits:
* >ít * * if! *
(3) If the administrator finds that he has failed, without good cause, either to apply for available, suitable work when so directed by the administrator or to accept suitable work when offered him, or to return to his customary self-employment (if any) when so directed by the administrator . . . (Emphasis supplied)

. R.S. 23:1601(4)
For any week with respect to which the administrator finds that his unemployment is due to a labor dispute which is in active progress at the factory, establishment, or other premises at which he is or was last employed; but such disqualification shall not apply if it is shown to the satisfaction of the administrator that he is not participating in or interested in the labor dispute which caused his unemployment. . . .